**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MERIX PHARMACEUTICAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 09 C 5871** |
| | ) | |
| **EMS ACQUISITION CORPORATION,** | ) | **Judge David H. Coar** |
| | ) | |
| **Defendant.** | ) | **Magistrate Judge Young B. Kim** |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISQUALIFY RICHARD KIRK CANNON, ESQUIRE**

Plaintiff, Merix Pharmaceutical Corporation ("Merix"), hereby files its Opposition To

Defendant's Motion To Disqualify Richard Kirk Cannon, Esquire ("Motion To Disqualify"), and

in support thereof would state as follows:

EMS has an extremely high burden to meet in seeking disqualification of Plaintiff's

undersigned counsel. As noted by the Court in *Mercury Vapor Processing Technologies, Inc. v.*

*Village of Riverdale,* 545 F.Supp.2d 783, 787 (N.D.Ill. 2008) (Castillo, J.):

> Disqualification of an attorney is a "drastic measure which courts should hesitate
> to impose except when absolutely necessary." *Owen v. Wangerin,* 985 F.2d 312,
> 317 (7th Cir. 1993). This is because disqualification of counsel deprives a party of
> the representation of their choosing. Id.; *Freeman v. Chicago Musical Instrument*
> *Co.,* 689 F.2d. 715, 721 (7th Cir. 1982)."

EMS has not established any such absolute necessity for disqualification of Plaintiff's

undersigned counsel, and certainly not for doing so at this point in the proceedings.

Merix is a small, family-owned-and-operated company with just six employees and very

limited resources. Merix is suffering from, and seeks to recover for, the burdens imposed on it by

the wrongful acts of EMS that resulted in immediate and continuing damages to Merix' property

and to its business, and which further resulted in greatly prolonging the costly litigation which

Merix was involved in when sued by its main competitor, multi-national giant GlaxoSmithKline

("Glaxo"). Due to limited resources, Merix is represented by the undersigned solo practitioner

(who is also the husband of Merix' President and CEO, Meryl Squires). Merix does not have the

luxury of relying upon multiple attorneys familiar with this action, in contrast to the many

attorneys and staff being brought to bear by EMS' multi-office large-firm.

It is clear that EMS does not like the fact that Merix is represented by the husband of its

president and CEO, and the perceived comparative billings and /or focus advantages to Merix

that EMS conjectures might thus be available to Merix - where other non-related counsel may

not provide same to their clients. However, despite all of the demeaning rhetoric and innuendoes

thrown around by EMS about Merix' counsel being "the husband" of Merix' president and CEO,

there is absolutely nothing about that relationship that would de facto disqualify him.

In an effort to disrupt this litigation and to deprive Merix of its only counsel, EMS has

recently not only simultaneously brought its Motions To Disqualify [Merix' solo practitioner

attorney] and For Judgment On The Pleadings, along with two additional onerous sets of

document requests (in addition to the 65 categories previously sought), but it also brought

*another* Motion For Partial Summary Judgment shortly thereafter. Despite the fact that this case

has been pending since early October 2009,[1] with scant discovery efforts by EMS in the interim,

its two Motions were just filed on June 18, along with the referenced discovery requests, *right in

the middle of the known absence of Merix' counsel on vacation*. When Plaintiff's counsel then

---

[1] Despite EMS' protestations about alleged wrongful lack of production by Merix, EMS has not
cited any proper discovery request that would have required production of the documents now
complained about, nor has EMS properly brought any of its allegations regarding same to the
attention of Magistrate Kim, to whom this Court referred all discovery disputes, for proper
briefing and consideration. It is Defendant's responsibility to properly request those documents
which it needs to support its defenses. Plaintiff is not required to anticipate potential defenses
and then voluntarily produce documents which may or may not support those defenses.

sought a brief extension of the deadlines for responding to the Motions, so as to permit

completion of several depositions which will directly relate to some of the issues raised in the

Motions, EMS very aggressively opposed that extension ***despite the fact that EMS cited no***

***perceived prejudice to EMS by the extension being sought***. The intentional disruption and

harassment on procedural grounds is transparent. As stated in *Mercury Vapor Processing*

*Technologies, Inc. v. Village of Riverdale,* 545 F.Supp.2d 783, 787 (N.D.Ill. 2008) (Castillo, J.):

> "A motion to disqualify counsel may sometimes be legitimate and necessary, but
> 'such motions should be viewed with extreme caution for they can be misused as
> techniques for harassment.'" Citing: *Freeman v. Chicago Musical Instrument Co.,*
> 689 F.2d. 715, 721 (7th Cir. 1982)

Here, the intentional harassment of Plaintiff's counsel is the primary motivation for this Motion.

In attempts to manufacture justification for its Motion To Disqualify, EMS has taken

great liberties with the facts of this case. To begin, EMS correctly quotes Local Rule 83.53.7 of

this Court as follows:

> "(b) If a lawyer knows or reasonably should know that a lawyer may be called as
> a witness other than on behalf of a client, the lawyer may act as an advocate in a
> trial or evidentiary proceeding unless the lawyer knows that the lawyer's
> testimony is or may be prejudicial to the client."

However, EMS then makes a wholly unsubstantiated statement that "Cannon is the only fact

witness with personal knowledge capable to testify" about allegations made ***by Merix*** through its

counsel in a separate irrelevant action against Merix' former counsel, Winston & Strawn

("W&S").  No discovery was taken in that action, which W&S quickly settled with Merix in

Cannon's absence. Even a cursory review of the complaint in that W&S action readily discloses

that Cannon was not even a party to the multiple claims asserted on behalf of Merix, but rather

was only named in a ***single wholly separate count directed solely to extinguishing a lien*** that

W&S had placed against Cannon's personal residences (to secure Merix' payment of legal fees

3

which Merix, and not Cannon, owed to W&S).[2] There is nothing about his one personal count

(for declaratory judgment to extinguish liens) which would be in any way involved in the matters

at issue in this lawsuit or require his being called as a witness herein, and certainly nothing about

it that would be contrary to Merix' interests in this action, despite EMS' misleading conclusions

desperately attempting to manufacture such a conflict.

Ignoring that limitation of Cannon's participation, EMS next makes the completely

unsubstantiated statement that Cannon's testimony "will be highly prejudicial to Merix." There

is no evidentiary support for that total conjecture by EMS. To the contrary, Cannon has stated in

his sworn Declaration In Opposition To Disqualification ("Cannon Decl.") that he has no first-

hand knowledge regarding the basis for the other allegations made by Merix and its counsel in

the W&S action, and that any information which he might have about what occurred in the

GlaxoSmithKline ("GSK") litigation would be second-hand and solely the result of privileged

communications which he had as counsel of record in the GSK litigation. [See: Exhibit 1 hereto

– Cannon Decl.] Hence, he could not be required to testify regarding privileged communications.

Further, the matters asserted *by Merix* in that W&S lawsuit would not be relevant to this

action even if Cannon had some first-hand knowledge thereof that was not protected by

privilege. The complaint in that W&S lawsuit shows allegations that the GSK litigation should

have been tendered to Merix' insurance carrier. However, that claim is wholly irrelevant to the

matters at issue herein (including those seeking recovery of the attorney fees paid to W&S)

---

### COUNT I
**Declaratory Judgment That Winston & Strawn Breached The Agreement  And That
Ms. Squire's And Mr. Cannon's Mortgages Are Unenforceable And Cannot Be Foreclosed**

32. This Count is brought by plaintiffs Squires and Cannon …

34. Under the Agreement, Ms. Squires and Mr. Cannon gave mortgages on their two personal
residences in return for W&S' promise to refrain from filing or publicly disclosing any liens of
any kind, or disclosing Merix's financial difficulties, to Glaxo or its counsel unless all amounts
owed were not paid in full by January 31, 2008. W&S breached the promise, as described above.

because, even if Merix' legal fees had instead been paid by the insurer, Merix would still be

entitled to assert (and would be asserting) its exact same claims against EMS herein, albeit

subject to an underlying obligation of repayment (i.e. subrogation rights, from any recovery of

those legal fees herein) to the insurer. Similarly, any allegations made by Merix regarding the

extensiveness of legal fees ***actually paid*** to W&S would be at best tangential to the issues herein

as they would not negate the fact that, but for EMS' faulty manufacture of the placebo, Merix

would not have been forced to incur *any* further legal fees (extensive or not) since the GSK

litigation would have settled that much earlier (instead of its being prolonged while Merix was

forced to do a second *unadulterated* clinical trial). Thus, the W&S lawsuit and the allegations

made by Merix therein is, for all practical purposes, wholly irrelevant to EMS' liability.

EMS next attempts to boot-strap wholly unrelated issues regarding discovery and, more

specifically, what transpired (without any objection or stated concerns by EMS' counsel) during

the deposition of Merix. Despite EMS' unsubstantiated allegations to the contrary, the testimony

of Meryl Squires (as corporate designee) did not establish that she "lacked any first-hand

knowledge of the facts concerning her own company", nor did she "rely upon her husband to

testify" when she could not answer. That is a total misrepresentation of the record of her

testimony. EMS' own exhibits to its Motion To Disqualify show that, when Ms. Squires was

asked about specific details of the W&S lawsuit, Cannon (acting as Merix' counsel at that

deposition) ***cautioned her on the record about the confidentiality restrictions Merix was under***

pursuant to the terms of the W&S settlement agreement. Instead, the undersigned provided EMS'

counsel with what information *could* be safely disclosed, which included a brief explanation of

what was reflected in the public-record complaint, and suggested to EMS' counsel that he obtain

a copy of same. EMS' counsel made no objection at that time to receiving that explanation

directly from Plaintiff's counsel, nor did he ask to have the information being provided limited to just direct testimony from Ms. Squires. For EMS to now mischaracterize that confidentiality caution given to Ms. Squires as somehow equated to establishing that she "lacked any first-hand knowledge of the facts concerning her own company" is disingenuous and insulting. Further, the undersigned would *again* ask counsel for EMS to show Ms. Squires the same courtesy and respect that he and other members of his firm would provide to the president and CEO of any other corporation, and that he refrain from making any further condescending and inaccurate references to her personal relationships, such as that she "relied on her *husband* to testify …".

In furtherance of EMS' attempts to portray Cannon in a negative light, EMS makes a number of blatantly-false statements regarding Cannon's participation at a meeting held at EMS' offices on June 2, 2006. Contrary to EMS misrepresentations, Cannon did *not* "personally question Stacie Kirsch about the production of the placebo in an attempt to gather admissions". In fact, Ms. Squires has already testified that she did almost all of the talking for Merix at that meeting. Similarly, it is a blatantly-false and personally-insulting fabrication that Cannon "never identified himself as Merix' lawyer". That meeting was attended by Meryl Squires, president and CEO of Merix, as well as Dori Squires, Vice President of Operations , who will both be available as witnesses to testify as to what transpired at that meeting, and who will both testify that Cannon did *not* actively participate in the discussions, and that he actually gave Ms. Kirsch his business card while disclosing that he represents Merix and is counsel of record in its lawsuits with GSK. [See: Exhibit 3 hereto - excerpt of the Merix deposition, as modified by errata sheet submitted *prior to* the filing of EMS' Motion To Disqualify] (These are some of the matters for which Merix sought an extension for its response to this Motion, so that Merix could obtain the depositions of EMS and employees related thereto.) Thus, it is *not* necessary for Cannon to

testify as a witness, nor would his testimony be in any way prejudicial to Merix if he were called upon to do so. Hence, there is simply no basis for EMS' allegations that "Cannon's role as a necessary witness is undeniable" or that he should be disqualified for his attendance at that meeting. To hold otherwise, would prevent every attorney from doing his own (required by the Rules) personal investigation of matters in dispute before filing claims on behalf of his client – for fear that such good faith investigation would somehow make him subject to disqualification.

As noted above, Cannon was also counsel of record for Merix in its former litigation with GSK, thus making any communications that he had with Merix in that litigation subject to attorney-client privilege and hence not discoverable. [See: attached Exhibit 2 – June 14, 2005 Order granting Cannon's Motion to Appear Pro Hac Vice in the GSK litigation.] That Cannon will also be seeking herein recovery (for Merix) of the fees which Merix paid all counsel (including him) for their legal services in the GSK litigation would certainly not be in any way in conflict with the interests of Merix herein. To hold otherwise would de facto disqualify every attorney who ever seeks an award of attorney fees for his client, for merely seeking same would somehow make him a witness and subject to disqualification.

Finally, Plaintiff's counsel would respectfully point out that, even if there were any potential for conflict, it would be:

> " … **premature** to take the drastic measure of disqualifying [him] entirely at this stage of the litigation. First, the Local Rule prohibits a lawyer-witness from acting as an advocate in a trial or evidentiary proceeding, but it does not prohibit him from handling other phases of the litigation. Local Rule 83.53.7(c) ("[N]othing in this rule shall be deemed to prohibit a lawyer barred from acting as an advocate in a trial or evidentiary proceeding from handling other phases of the litigation."); *In re Thomas Cons. Indus., Inc.*, 289 B.R. 647, 653-54 (N.D.Ill. 2003). … Thus, even if [the attorney] later becomes a witness at trial or an evidentiary proceeding, he is not prohibited from conducting discovery, drafting motions, or serving in some other capacity at this stage of the litigation. …

> "Further, if [the attorney] is called to testify, whether he should be allowed to continue as counsel in the case depends upon who calls him as a witness. … If [the attorney] is

7

called as a witness by [opposing party], the question becomes whether his testimony "is or may be prejudicial to the client." Local Rule 83.53.7(b). Because the substance of [the attorney's] testimony is presently unknown, the Court cannot make this determination now. Additionally, [the attorney's] disqualification woud be warranted only if [opposing party] can demonstrate that his testimony cannot be provided by another witness. *Rudzinski v. Met Life Ins. Co.,* No. 05-C-0474, 2007 WL 317338, at *5 (N.D.Ill. Oct.25, 2007). At present, it is not known whether other witnesses would be able to testify to the same matters as [the attorney]. For all of these reasons, the request for disqualification is premature." *Mercury Vapor,* Id. at 788-789.

While alleging that Plaintiff's counsel will be a "necessary witness" who allegedly must be called by EMS at trial, EMS has wholly failed to establish that the testimony it allegedly needs to obtain from Plaintiff's counsel cannot be provided by another witness. See: *Mercury Vapor*, Id. at 789 (disqualification might be warranted only if [opposing party] can demonstrate that his testimony cannot be provided by another witness); see also: Exhibit 4 hereto - *Anderson v. Nicholson,* 2008 WL 2782756 *2 (C.D.Ill.) Here, there has been no such showing by EMS. If fact, since EMS has not even sought to take the deposition of Cannon, there is no basis for knowing what (if anything) his testimony might provide.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, which will only be further bolstered upon the completion of already-pending discovery herein, the Defendant's Motion To Disqualify should be ***denied in its entirety***, which Plaintiff respectfully requests.

DATED: July 14, 2010

RESPECTFULLY SUBMITTED,

 /s/ Richard Kirk Cannon
Richard Kirk Cannon
Law Offices of Cannon & Associates
117 S. Cook St., #361
Barrington, IL 60010
(847) 381-1600

*Attorneys for Plaintiff Merix Pharmaceutical Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I, Richard K. Cannon, caused to be served a copy of the foregoing:

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISQUALIFY RICHARD KIRK CANNON, ESQUIRE**

by filing same with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following counsel of record:

> Lawrence C. Rubin
> Erin K. Lynch
> SHEFSKY & FROELICH LTD.
> 111 E. Wacker Drive, Suite 2800
> Chicago, IL 60601
>
> Ronald L. Williams
> Dean R. Batson
> FOX ROTHSCHILD LLP
> Eagleview Corporate Center
> 747 Constitution Drive, Suite 100
> P.O. Box 673
> Exton, PA 19341
>
> *Attorneys for EMS Acquisition Corporation*

/s/ Richard Kirk Cannon