# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5871 | **DATE** | August 24, 2010 |
| **CASE TITLE** | Merix Pharmaceutical Corp. v. EMS Acquisition Corporation | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to September 30, 2010, at 11:00 a.m. Motion hearing held. Defendant's motion to compel production of documents [180] is granted in part and denied in part. In accordance with the court's ruling, defendant is ordered to identify the specific e-mails it wishes to obtain in their native format by September 3, 2010. A copy of those e-mails are to be forwarded to plaintiff. Plaintiff is ordered to then supplement its response to defendant's requests for production of documents in accordance with the court's ruling by September 24, 2010.

■[ For further details see text below.]   Notices mailed by Judicial staff.

04:05

## STATEMENT

Defendant's motion to compel is granted in part and denied in part as detailed below for the reasons stated in open court:

1. **First Request for Production of Documents** (## 16-20, 23-34, 36-48, 50-52, 54, 56, 58-61, 65): (a) the motion is denied as to ## 16-20, 27, 34, 39-44, 47, 50, 54, 56, 58-61 and 65; (b) the motion is denied without prejudice as to ## 45, 46 and 48; (c) the motion is granted as to ## 23-26, 28-33, 36-38, 51 and 52. With respect to ## 51 and 52, defendant is to provide plaintiff with a copy of the e-mails to be produced in their native electronic format.

2. **Second Request for Production of Documents** (## 1-2, 7-8, 16-18): the motion is denied.

3. **Third Request for Production of Documents** (## 1-3, 5-11, 13-14, 16): (a) the motion is granted as to ## 1-3, 8 and 14; (b) the motion is denied as to ## 5-7, 9 and 10; (c) the motion is denied as moot as to ## 11, 13 and 16 as plaintiff has agreed to supplement its response. With respect to ## 1-3 and 14, defendant is to provide plaintiff with a copy of the e-mails to be produced in their native electronic format. With respect to # 8, plaintiff must verify the completeness of the document it already produced.

**STATEMENT**

4.  **Protective Order**: the motion is denied as premature. Plaintiff is ordered to detail the scope of its request to inspect defendant's computers pursuant to Federal Rule of Civil Procedure 34(a)(2) ad the inspection protocol to be followed. If an issue arises over the relevance and scope of the inspection, defenant must bring the issue to the court's attention as soon as possible by filing a motion for protective order.