**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERIX PHARMACEUTICAL CORPORATION, | |
| Plaintiff, | Case No. 09 C 05871 |
| v. | Hon. David H. Coar |
| EMS ACQUISITION CORPORATION, | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS V, VI, AND VII OF PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendant, EMS Acquisition Corporation ("EMS"), by and through its undersigned counsel, hereby submits this Reply Brief in support of its Motion to Dismiss portions of the Fourth Amended Complaint (the "Complaint") of Plaintiff, Merix Pharmaceutical Corporation ("Merix"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Reply Brief briefly responds to the arguments set forth in Merix's Brief and is intended to clarify that (a) EMS's Motion was properly filed, (b) the economic loss doctrine bars Merix's claims for relief, and (c) Merix failed to plead justifiable reliance with respect to its fraud claim. Accordingly, Merix's Counts V, VI, and VII should be dismissed with prejudice.

As briefed previously, a motion to dismiss is evaluated solely based upon the facts alleged in the complaint and it is improper for a court to assume that a party may prove facts not alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983); see also Northern Ins. Co. of New York v. Silverton Marine Corp., No. 10 CV 345, 2010 U.S. Dist. LEXIS 62112, **2-3 (N.D. Ill. June 23, 2010) (recognizing that "[p]laintiff, for its part, must do more than solely recite the elements for a

violation; it must plead with sufficient particularity so that its right to relief is more than a mere conjecture"). In fact, a plaintiff "must plead its facts so that, when accepted as true, they show the plausibility of its claim for relief." Silverton Marine Corp., 2010 U.S. Dist. LEXIS 62112 at **2-3 (citing Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)). A plaintiff "must do more than plead facts that are consistent with defendant's liability because that only shows the possibility, not the plausibility, of [an] entitlement to relief." Id.

As set forth more fully previously and below, applying the above referenced standard, Merix's Counts V-VII should be dismissed.

    **A.**    **EMS's Motion Was Properly Filed.**

Merix claims that EMS's Motion "is an improper attempt to obtain a *second* consideration of the exact same arguments already presented in the previously-filed and fully-briefed *Defendant's Motion For Judgment On The Pleadings* which are currently 'taken under advisement.'" (Brief, p. 1 (emphasis in original)). Merix similarly argues that EMS's Motion seeks a "reversal" of the Court's decision to allow Merix leave to file an amended complaint. (Id.). Neither argument has any merit.

As to the "second bite at the apple" argument, Merix's filing, for the *fourth* time, of an amended complaint mooted the prior pending motion for judgment on the pleadings. See Video Views, Inc. v. Studio 21, Ltd., No. 84 C 430, 1987 WL 13971, **6-7 (N.D. Ill. July 16, 1987). Thus, Merix's argument, which is not supported by any law, is without merit.

Likewise, the standards for allowing leave to amend and granting a motion to dismiss are entirely different. See Fed. R. Civ. P. 12, 15. Thus, a decision with respect to a motion for leave to amend has no effect upon a court's consideration of a Rule 12 motion.

### B. The Economic Loss Doctrine Bars Merix's Claims.

As to the economic loss doctrine, Merix argues that its claims involve third party "property damage"[1] and argues that an exception to the doctrine precludes the Court from dismissing the Complaint at this stage. As set forth previously and below, no third party property damage is alleged in the Complaint and Merix's argument for a "fiduciary" and/or "fraudulent representation" exception to the doctrine fails.

"It is well established under Illinois law that parties to a contract … do not owe a fiduciary duty to one another." Bixby's Food Sys., Inc. v. McKay, 985 F. Supp. 802, 808 (N.D. Ill. 1997). Although a fiduciary relationship may be found when "special circumstances" exist, "the allegation that 'one businessman simply trusted another to fulfill his contractual obligations' is insufficient to state a fiduciary duty." Id.; see also 3Com Corp. v. Electronic Recovery Specialists, Inc., 104 F. Supp. 2d 932, 941-42 (N.D. Ill. 2000) (holding that an allegation that one party to a contract trusted the other party to fulfill the contract is insufficient to establish a fiduciary relationship when the parties to the contract are sophisticated businesses). "Indeed, normal trust between friends and businesses, plus a slightly dominant business position, do not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship." Minuti v. Johnson, No. 02 C 4551, 2003 WL 260705, *3 (N.D. Ill. Feb. 5, 2003).

Here, with respect to "property damage," Merix asks the Court to review letters mentioned nowhere in Merix's Complaint. (Brief, pp. 3-4). As these letters are not mentioned in the Complaint, however, they are beyond the Court's review. In any event, the letters do not and cannot change the fact that the damage alleged in the Complaint is damage to the very same

---

[1] As to Count VI, Merix fails to offer any support for the existence of "property damages arising from clinical testing of products manufactured by EMS in breach of representations of quality and warranties of fitness for particular purpose" as a cause of action.

PRACS Report and placebos that are the subject of the alleged contractual relationship at the heart of Merix's Complaint. (Complaint ¶¶ 12, 14, 23, 25, 32, 34). The Complaint fails to allege any damage to any extrinsic property. Nor is any sudden or calamitous event resulting in the damage alleged.

As to the remaining alleged exceptions to the economic loss doctrine, even if the Court determined that an "extracontractual" exception exists, none is alleged. Nothing in Complaint suggests anything other than a contractual relationship between businesses, which is insufficient to create a fiduciary relationship. Bixby's Food Sys., Inc., 985 F. Supp. at 808.

Further, Merix disingenuously contends in its Brief that it is a "relatively unsophisticated small business." (Brief, p. 7). In its Complaint, however, Merix averred that it is "one of the most progressive and recognized pharmaceutical corporations in Illinois." (Complaint ¶ 7). Additionally, Merix averred that Ms. Squires founded Merix and grew it to its current renowned status. (Id.). Plainly, Merix's pleading avers that both Merix and Ms. Squires are sophisticated.

Indeed, Merix avers that Ms. Squires, its President, relied on EMS's alleged promises to perform its contractual obligations and contends now in its Brief that these obligations give rise to a fiduciary relationship. (Id. ¶¶ 47-50; Declaration of Meryl Squires, founder, President, and CEO of Merix, in Support of the Motion for Leave to File Fourth Amended Complaint ¶¶ 1-2; Brief, pp. 3-5). As a matter of law, these allegations "do not operate to turn a formal, contractual relationship into a confidential or fiduciary relationship." Minuti, 2003 WL 260705 at *3.

Finally, as to the alleged intentional misrepresentation exception, Counts VI and VII are not based upon an intentional misrepresentation. (Complaint ¶¶ 52-63). As such, this exception cannot save these claims for relief.

In sum, the economic loss doctrine bars Merix's claims for relief in Counts VI and VII.

### C. Merix Failed To Plead Justifiable Reliance.

Merix argues that the Court should not dismiss its fraud claim only because it is a "relatively unsophisticated small business." (Brief, p. 7). As set forth above, however, this argument is contrary to Merix's pleading. Accordingly, Merix is not only asking the Court to assume facts not pleaded, but also to assume facts directly contrary to its pleading, which the Court cannot do. Silverton Marine Corp., 2010 U.S. Dist. LEXIS 62112 at **2-3.

### D. Conclusion

For all of the foregoing reasons and those briefed previously, Defendant, EMS Acquisition Corporation, respectfully requests that the Court dismiss with prejudice Counts V, VI and VII of the Fourth Amended Complaint of Plaintiff, Merix Pharmaceutical Corporation.

Date: September 14, 2010

Respectfully submitted,

**EMS ACQUISITION CORPORATION**

By: s/ Ronald L. Williams
One of Its Attorneys

Ronald L. Williams
rwilliams@foxrothschild.com
PA Atty. I.D. No.: 47912
Fox Rothschild LLP
747 Constitution Drive
Suite 100
P.O. Box 673
Exton, PA 19341
Telephone:  (610) 458–7500
Facsimile:  (610) 458–7337

Lawrence C. Rubin (ARDC No. 2413426)
lrubin@shefskylaw.com
Erin K. Lynch (ARDC No. 6293268)
elynch@shefskylaw.com
Shefsky & Froelich Ltd.
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
Telephone:  (312) 527–4000
Facsimile:  (312) 527–4011

## CERTIFICATE OF SERVICE

The undersigned, pursuant to the penalties for perjury, and in accordance with this Court's rules, does hereby affirm and declare that a true and accurate copy of the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNTS V, VI, AND VII OF PLAINTIFF'S FOURTH AMENDED COMPLAINT,** was served upon:

Richard K. Cannon, Esquire
Law Offices of Cannon & Associates
117 South Cook Street, Suite 361
Barrington, Illinois 60010-4311
Telephone: (847) 381-1600
Facsimile: (847) 381-6650
Email: rkcannon@cannoniplaw.com

via email this 14th day of September, 2010.

*Ronald L. Williams*