IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERIX PHARMACEUTICAL CORPORATION, | ) ) ) No. 09 C 5871 ) ) Judge David H. Coar ) ) Magistrate Judge Young B. Kim ) ) ) ) |
| Plaintiff, | |
| v. | |
| EMS ACQUISITION CORPORATION, Defendant. | |

**REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED
EACH OF
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

Plaintiff, Merix Pharmaceutical Corporation ("Merix"), through its undersigned counsel, hereby files its *Reply In Support Of Motion To Deem Admitted Each Of Plaintiff's First Set Of Requests For Admissions,* and would further show as follows:

**Formal Procedure Issue**

To begin, Plaintiff acknowledges that there was no attempt made to contact opposing counsel prior to filing this instant Motion. When Plaintiff previously cited the local rule requiring such a "meet and confer" in response to Defendant's recent Motion To Compel, noting that Defendant had made no prior attempt to have such a meeting for the Second and Third Sets of Requests For Production, this Court apparently recognized the likely futility of such efforts and, instead, proceeded with the hearing and invited the parties to bring future discovery disputes to the Court for resolution. If that was a one-time waiver of the referenced local rule, for Defendant, then Plaintiff stands corrected and will attempt to resolve future discovery disputes informally. Plaintiff respectfully notes that, given Defendant's stonewalling responses, the likelihood of its having voluntarily reversed those positions is dubious at best.

1

## **DEFENDANT'S BAD FAITH RESPONSES JUSTIFY SANCTIONS**

Vigorous representation of one's client is certainly an admirable trait in any attorney - whether plaintiff or defense counsel. However, Plaintiff does take great issue with the preparation and service of discovery responses containing facts known to be false and that contain representations for which no attempt at verification has been made. Such behavior should not be allowed, and respectfully would justify the strongest possible sanctions.

Rule 36(a)(4), Federal Rules of Civil Procedure, provides in pertinent part:

> "**Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot *truthfully* admit or deny it. **A denial must *fairly* respond to the substance of the matter**; and when *good faith* requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

Rule 11 does not apply to responses to requests for admission under Rule 36. However, the above-quoted portion of Rule 36 appears to adopt its teachings about the standards of conduct for attorneys signing documents for presentment in an action, to wit: the attorney signing the document must have a *good faith* belief in the accuracy of the response, and that denials of factual contentions must *fairly* respond [i.e. are warranted on the evidence] to the substance of the matter. To hold otherwise would be to totally undermine the integrity of the judicial process by permitting bad faith responses despite overwhelming contrary evidence, and would also undermine the intent and purpose of Rule 36[1], while allowing the responding party to simply deny each and every Request and put the other party to the expense of proving each of the issues that were subject to a Request for Admission.

---

[1] Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be. [See: Advisory Committee Notes, 1970 Amendment, first paragraph]

2

The propounding party is normally limited to proceeding (after trial) with a request for attorney fees and costs, under Rule 37(c)(2), as sanctions for an unreasonable failure to admit. However, that provides absolutely no incentive to respond honestly for a party [like Defendant] who is *already* subject to a contractual provision providing attorney fees to the prevailing party. If the proponent is successful at trial, he will have gone to the expense of *proving* each of the issues for which requests for admission were denied *in bad faith*, but attorney fees will already be awarded under contract and thus no sanctions will obtain for the bad faith responses. In short, without the Court's inherent power to *promptly* impose sanctions upon a party for providing bad faith responses *when that party is already subject to a contractual attorneys fees provision*, the Defendant would be free to stonewall the entire Rule 36 process with impunity.[2]

This Court has inherent power to *require* the parties to act in good faith – subject to sanctions as are justified under the circumstances. Plaintiff respectfully proposes that, under the circumstance of this case and overwhelming evidence supporting matters for which admissions were sought, appropriate sanctions for **bad faith** denials would be to deem them admitted.

## INDIVIDUAL REQUESTS, RESPONSES AND RELATED ARGUMENTS

**Request for Admission No. 1.**

In 2004, EMS agreed to manufacture, for Merix, a placebo for use in a clinical trial of its product Releev.

> **Response:** Denied. EMS Acquisition Corporation ("EMS") specifically denies this request. By way of further response, EMS agreed to manufacture a placebo in 2004 but was not aware it was for a clinical trial.

**Argument:**

During the 30(b)(6) deposition of EMS, when presented with a document in which Merix had specifically informed her of the intended use of the placebo, **Ms. Kirsch admitted that EMS knew that the placebo was for use in a clinical trial of Releev**.

---

[2] EMS's counsel is apparently very cognizant thereof, as he makes no attempt to justify his bad faith responses.

Based upon the above, **Defendant's Response was in bad faith and contrary to the admissions made by EMS under oath.** Plaintiff is entitled to have its Request for Admission No. 1 deemed admitted, which Plaintiff respectfully requests.

**Request for Admission No. 4.**
In 2005, EMS agreed to manufacture, for Merix, a placebo for use in a clinical trial of its product Releev.
   **Response:** Denied. The Request is specifically denied as stated. EMS, in September 2005, with the direction and consent of Merix's President, Meryl Squires, undertook the production of a batch of product, which contained benzalkonium chloride. Merix did inform EMS of a clinical trial with its agent, PRACS, for which Merix agreed to pay $250.00.
**Argument:**

**In its own response, EMS admits** it "undertook the production of "a batch of product, which contained benzalkonium chloride" " and that "Merix did inform EMS of a clinical trial with … PRACS". **EMS does not dispute that it shipped what its own documents refer to as "Placebo" and "Viramedx Releev" for use in that clinical trial. Defendant has wholly failed to explain why it cannot *truthfully* admit the Request "as stated",** i.e. that EMS *agreed* to manufacture, for Merix, a *placebo* for use in the clinical trial.

During the 30(b)(6) deposition of EMS, Ms. Kirsch admitted that Merix contacted EMS "in May or June 2005" and asked EMS "to assist them in manufacturing **a placebo** and product **for use in another clinical trial**", and that she responded to that request **"… I said yes, I can."** [See: Excerpt of depo transcript with Exhibits SK-44 and SK-46 – separately filed under seal as Exhibit C.] Thus, it cannot be disputed that EMS *agreed* to manufacture a placebo for Merix in 2005, and that EMS was aware it was for use in a clinical trial of Releev.

Based upon the above, **Defendant's Response was in bad faith and contrary to the overwhelming evidence.** Plaintiff is entitled to have its Request for Admission No. 4 deemed admitted, which Plaintiff respectfully requests.

4

**Request for Admission No. 5**.

In 2005, EMS manufactured, for Merix, a placebo.

> **Response:** Denied. The Request is specifically denied as stated. EMS, in September 2005, with the direction and consent of Merix's President, Meryl Squires, undertook the production of a batch of product, which contained benzalkonium chloride. Merix did inform EMS of a clinical trial with its agent, PRACS, for which Merix agreed to pay $250.00.

**Argument:**

In EMS' own response to Request No. 8, it states: "**It is admitted that … it shipped the 2005 placebo it manufactured for Merix** to…". EMS' own "Certificate of Analysis" and its "Pilot Lab Record" refer to the "Placebo" it manufactured for Merix in 2005. **Defendant has wholly failed to explain why it cannot *truthfully* admit the Request "as stated".**

Based upon the above, **Defendant's Response was in bad faith.** Plaintiff is entitled to have its Request for Admission No. 5 deemed admitted, which Plaintiff respectfully requests.

**Request for Admission No. 6**.

The placebo which EMS manufactured for Merix in 2005 contained therein the ingredient benzalkonium chloride.

> **Response:** Denied. The Request is specifically denied as stated. EMS, in September 2005, with direction and consent of Merix' President, Meryl Squires, undertook the production of a batch of product which contained benzalkonium chloride. At no time, did Merix expressly inform EMS of the purposes of the product for which Merix agreed to pay $250.00.

**Argument:**

EMS has repeatedly acknowledged that the placebo it manufactured for Merix in 2005 contained benzalkonium chloride, instead arguing Merix had allegedly authorized its inclusion by telling EMS to only exclude "the herb" [Echinacea]. EMS' own "Certificate of Analysis" and its "Pilot Lab Record" refer to "Placebo" it manufactured for Merix in 2005 as containing the ingredient benzalkonium chloride. There is no good faith basis for EMS' denial. **Defendant has wholly failed to explain why it cannot *truthfully* admit the Request "as stated".**

5

Further, Defendant's statement that "at no time did Merix expressly inform EMS of the purposes of the product" is knowingly false and should be stricken. Ms. Kirsch admitted Merix contacted EMS "in May or June 2005" and asked EMS "to assist them in manufacturing **a placebo** and product **for use in another clinical trial**", and that she responded **"… I said yes, I can."** [Excerpt of depo, Exhibits SK-44 and SK-46 – separately filed under seal as Exhibit C.]

Based upon the above, **Defendant's Response was in bad faith and contrary to the overwhelming evidence.** Plaintiff is entitled to have its Request for Admission No. 6 deemed admitted, which Plaintiff respectfully requests.

**Request for Admission No. 7**.

In manufacturing the placebo for Merix in 2005, EMS also used the ingredient "Nestea".

> **Response:** Admitted in part and denied in part. EMS specifically denies that it used an "ingredient" called Nestea. It is admitted that during the preparation of the placebo, EMS used the ingredients as dictated by Merix to be used. Since the ingredient, Echinacea, was to be left out upon the direction of Meryl Squires, Jack Meenan, the EMS employee who prepared the 2005 placebo, used a tea "made from Nestea because it was the darkest colored tea to match the Echinacea that we were substituting that day."

**Argument:**

EMS plays games when denying that Nextea was an "ingredient" it used in the placebo. **In its own response, EMS admits that "during the preparation of the placebo, EMS used the ingredients …" and that "Since the *ingredient*, Echinacea, was to be left out … the EMS employee who prepared the 2005 placebo, *used a tea made from Nestea* … to match the Echinacea that we were substituting ..."** All of the extra language is superfluous and should be stricken, as it does not change the fact that EMS is admitting that EMS used the ingredient "Nestea" in preparation of the placebo. EMS' explanations of *why* it did what it did, or how the *ingredient* "Nestea" was added to the placebo are misplaced and inappropriate. **Defendant wholly failed to explain why it cannot *truthfully* admit the Request "as stated".**

6

Based upon the above, **Defendant's Response was in bad faith and contrary to the overwhelming evidence.** Plaintiff is entitled to have its Request for Admission No. 7 deemed admitted, which Plaintiff respectfully requests.

**Request for Admission No. 8**.

After manufacturing the placebo for Merix in 2005, EMS shipped that placebo to Clinical Supplies Management, Inc., in Fargo, North Dakota.

> **Response:** Admitted in part and denied in part. EMS specifically denies that it shipped the 2005 placebo to Clinical Supplies Management, Inc. It is admitted that upon the direction of Merix's agent, PRACS, it shipped the 2005 placebo it manufactured for Merix to "CSM" located in Fargo, North Dakota. EMS was led to believe that CSM was an entity serving as an agent of Merix with express, apparent and/or implied authority to act on Merix's behalf.

**Argument:**

**This is perhaps the most egregious bad faith denial.** EMS plays games when denying that it shipped the 2005 placebo to Clinical Supplies Management, Inc. in Fargo, North Dakota, but admits it shipped the 2005 placebo to "CSM" located in Fargo, North Dakota. EMS knows full well, and it is not disputed, that they are both one and the same entity. EMS' further statements, about its understanding of who that entity was at the time, are misplaced and do not justify EMS' failure to admit this narrow request for admission. **Defendant has wholly failed to explain why it cannot *truthfully* admit the Request "as stated".**

Based upon the above, **Defendant's Response was in bad faith.** Plaintiff is entitled to have its Request for Admission No. 8 deemed admitted, which Plaintiff respectfully requests.

**Request for Admission No. 9**.

When EMS shipped the placebo to Clinical Supplies Management, Inc. in Fargo, North Dakota in 2005, EMS did not at that time send directly to Merix any related Certificate of Analysis or batch records for that placebo.

> **Response:** Denied. The Request is specifically denied as stated. EMS sent a Certificate of Analysis to Merix's agents who had authority, express, apparent and/or implied, to accept the shipment of placebos on behalf of Merix and to bind Merix in

>accepting the placebos. The Certificates of Analysis contained an express identification of benzalkonium chloride, thereby putting Merix, its agents, PRACS and CSM, on notice that benzalkonium chloride was in the placebos. At no time did Merix, or its agents PRACS or CSM reject the goods and, instead, accepted the goods. At no time did Merix or its agents reject the goods, also known as the placebos.

**Argument:**

EMS plays games when denying that "EMS did not at that time send ***directly to Merix*** any related Certificate of Analysis or batch records for that placebo." Despite extensive discovery taken herein, there have been no documents or other evidence whatsoever that EMS sent any of the referenced materials ***directly to Merix*** at the time that it shipped placebo to Clinical Supplies Management, Inc. in Fargo, ND. Whatever EMS may or may not have believed regarding alleged agency relationships between Merix and PRACS and/or CSM does not justify its failure to admit this narrowly worded request for admission. The remaining statements are misplaced and have no bearing upon EMS' obligation to admit this Request. **Defendant wholly failed to explain why it cannot *truthfully* admit the Request "as stated".**

Based upon the above, **Defendant's Response was in bad faith and contrary to the overwhelming evidence.** Plaintiff is entitled to have its Request for Admission No. 9 deemed admitted, which Plaintiff respectfully requests.

**Request for Admission No. 10**.

The first time EMS forwarded directly to Merix, the Certificate of Analysis and batch records which EMS prepared for the placebo that it manufactured and shipped to Clinical Supplies Management, Inc. was in April 2006.

>Response: Denied. The Request is specifically denied as stated. In April 2006, at the request of Dori Squires, EMS sent another Certificate of Analysis to Merix. Prior to that, Merix through its own agents, PRACS and CSM, had the Certificates of Analysis and the information related thereto, which information clearly demonstrated the existence of benzalkonium chloride in the placebos. In fact, the existence of benzalkonium chloride is consistent with the protocol that existed by and between Merix and its agents, at the time the placebos were approved by Meryl Squires. At that time, Meryl Squires gave approval of the existence of benzalkonium chloride in the placebos.

8

**Argument:**

There is no good faith basis for the denial, and EMS plays games when denying that "[t]he first time EMS forwarded *directly to Merix*, the Certificate of Analysis and batch records which EMS prepared for the placebo it manufactured … was in April 2006." Despite extensive discovery taken herein, there have been no documents or other evidence whatsoever that EMS sent any of the referenced materials *directly to Merix* at any time prior to April 2006. Whatever EMS may or may not have believed regarding alleged agency relationships between Merix and PRACS and/or CSM does not justify its failure to admit this narrowly worded request. The remaining statements are misplaced and have no bearing upon EMS' obligation to admit. **Defendant wholly failed to explain why it cannot *truthfully* admit the Request "as stated".**

Based upon the above, **Defendant's Response was in bad faith and contrary to the overwhelming evidence.** Plaintiff is entitled to have its Request for Admission No. 9 deemed admitted, which Plaintiff respectfully requests.

**PRAYER FOR RELIEF**

WHEREFORE, based upon the above, Plaintiff is entitled to have each of its Requests for Admissions, Nos. 1, and 4 through 10, deemed admitted, which Plaintiff respectfully requests. Further, as there was *no good faith basis* for the stonewalling denials previously asserted by EMS, thus forcing Plaintiff to incur the expenditures of time, resources and money, Plaintiff respectfully requests that it be awarded as sanctions its attorneys fees and related costs and expenses in having to prepare this motion and attend the hearing thereon.

Dated: September 15, 2010          Respectfully submitted,

                 MERIX PHARMACEUTICAL CORPORATION

By: **/s/ Richard Kirk Cannon**
Richard Kirk Cannon
Law Offices of Cannon & Associates
117 S. Cook St., #361
Barrington, IL 60010-4311
(847) 381-1600

*Attorney for Plaintiff Merix Pharmaceutical Corporation*

## CERTIFICATE OF SERVICE

I, Richard Kirk Cannon, caused to be served a copy of the foregoing:

REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED EACH OF
PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

by filing same with the Clerk of the Court, using the CM/ECF system which will send electronic notification of such filing to the following counsel of record:

Lawrence C. Rubin
Erin K. Lynch
SHEFSKY & FROELICH LTD.
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601

Ronald L. Williams
Dean R. Batson
FOX ROTHSCHILD LLP
Eagleview Corporate Center
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341

*Attorneys for EMS Acquisition Corporation*

                 **/s/ Richard Kirk Cannon**
                 Richard Kirk Cannon