**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MERIX PHARMACEUTICAL CORPORATION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Case No. 09 CV 5871** |
| **EMS ACQUISITION CORPORATION,** | ) ) | **Magistrate Judge Young B. Kim** |
| Defendant. | ) ) | **September 21, 2010** |

**MEMORANDUM OPINION and ORDER**

Pending before the court are plaintiff Merix Pharmaceutical Corporation's ("Merix") motion to compel the production of documents responsive to its Third Set of Requests for Production ("Requests for Production"), motion to deem as admitted each of its First Set of Requests for Admission ("Requests for Admission") and motion for sanctions. For the following reasons, the motions are denied:

**Background**

On July 30, 2010, Merix served defendant EMS Acquisition Corporation ("EMS") with its Requests for Production and Requests for Admission. A month later, on August 31, 2010, EMS served Merix with its responses to each of these requests. After reviewing EMS's responses, Merix filed the instant motion to compel the production of documents responsive to its Requests for Production on September 2, 2010, and also filed the subject motion to deem as admitted its Requests for Admission on September 3, 2010. EMS then filed briefs in opposition to both motions on September 9, 2010. Merix subsequently filed

a motion for sanctions on September 13, 2010, and EMS filed its brief in opposition to the motion on September 15, 2010. Thereafter, Merix filed its reply briefs in support of its three motions on September 15, 2010.

**Analysis**

**A.     Motion to Compel**

In its motion, Merix moves the court for an order compelling EMS to produce documents responsive to its Requests for Production, request numbers 71 through 87. (R. 187 at 1.) Merix first asserts that EMS's August 31, 2010 responses to its Requests for Production were untimely because they were one date late. (Id.) Next, Merix contends that EMS's responses are deficient and wholly unresponsive because EMS simply copied and reasserted the same identical objection to each and every request. (Id.) Here, Merix claims that EMS's bad faith responses are exemplified by the fact that the responses include an objection to producing tax returns when the only request seeking the production of tax returns is request number 71. (Id. at 2.) Thus, Merix contends that EMS "did nothing more than list the same stonewalling responses to each and every one of the document requests." (Id. at 3.)

Merix argues that it is entitled to seek production of documents pertaining to EMS's financial condition and operations because it has alleged a fraud claim in its Fourth Amended Complaint against EMS. (Id. at 3-4.) Specifically, Merix claims that it is entitled to explore the legitimate bounds of EMS's financial condition to look for unusual transactions,

2

including financial incentives paid by GlaxoSmithKline for putting the active ingredient BKC in the subject placebo and to determine whether EMS has siphoned off assets to the benefit of its officers and owners to avoid paying a recovery to Merix. (Id. at 4.) Next, Merix contends that it legitimately seeks documents pertaining to the original master record created at EMS regarding the production of the product Releev because EMS made several unauthorized and unexplained changes to the manufacturing instructions. (Id. at 5.) Here, Merix seeks production of these documents because Merix claims it is entitled to investigate changes made to its manufacturing instructions and documentation to support its version of what occurred before, during and after Merix's September 2005 trip to EMS. (Id. at 5-6.)

EMS defends that it timely served its responses to Merix's Requests for Production on August 31, 2010, which was one day before the September 1, 2010 due date. (R. 192 at 3.) EMS next asserts that pursuant to Federal Rule of Civil Procedure 37(a)(1) Merix was required to confer in good faith with EMS prior to filing this motion. (Id. at 4.) EMS points out that Merix did not include the certification required under this rule detailing its efforts to work out the subject production issues. (Id.)

EMS also contends that Merix's motion should be denied because the information it seeks is not relevant to any material issue in this lawsuit. (Id. at 1-2.) First, EMS claims that Merix should not be permitted access to its financial records because Merix's fraud claim that EMS manufactured the subject placebo contrary to the specified manufacturing instructions is without merit. (Id.) EMS maintains that Merix's President personally

3

approved the placebo when she visited EMS on September 15, 2005, and observed the manufacturing of the placebo. (Id. at 2.) EMS also maintains that it provided Merix with a Certificate of Analysis clearly identifying BKC as the very ingredient in the placebo, as called for in Merix's protocol. (Id.) Second, EMS objects to producing telephone records because there is no suggestion that there was any telephone call in 2005 when Merix made the request for the placebo that discloses any information relevant to the issues in this lawsuit. (Id.)

Rule 34(a)(1) provides that a party may request, among other things, the production of documents that constitute matters within the scope of Rule 26(b) and are in the possession, custody, or control of another party. Fed.R.Civ.P. 34(a)(1). According to Rule 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." The party from whom the documents are requested "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). Under Rule 34, a party is permitted to seek an order compelling disclosure when the opposing party fails to allow inspection of the requested documents. Fed.R.Civ.P. 37(a)(3)(B)(iv). A court has broad discretion when reviewing a discovery dispute between parties and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). The value of the materials sought and

the burden of providing the same should also be considered when ruling on motions to compel. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).

The motion to compel is denied. First, the court finds that EMS timely served its responses and objections. Under Rule 34(b)(2)(A), a party to whom a document request is directed must respond in writing within 30 days after being served with the request. Fed.R.Civ.P. 34(b)(2)(A). And under Rule 6(d), three additional days are added "after the period would otherwise expire" when service is effected electronically pursuant to Rule 5(b)(2)(E). Here, it is undisputed that on July 30, 2010, Merix electronically served EMS's counsel with its Requests for Production and EMS served Merix with its responses and objections on August 31, 2010. Because Merix effectuated electronic service, EMS had 33 days, or until September 1, 2010, to respond to Merix. *See Ford v. Wright*, No. 06-cv-449, 2009 WL 297575, at *1 (S.D. Ill. Feb. 6, 2009) (Rule 6(d) provided defendants with an additional three days to respond to discovery beyond the 30-day period provided in Rule 34). Accordingly, EMS's responses and objections were timely served on Merix.

Second, as EMS correctly points out, Merix failed to comply with Rule 37(a)(1) and Northern District of Illinois Local Rule ("LR") 37.2. LR 37.2 requires a party to make a good faith attempt to resolve any discovery disputes with the opposing party prior to bringing a motion before the court and also submit the following certification:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation

5

> in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

LR 37.2. Furthermore, this court's own standing order on discovery motions requires the following:

> The court will not hear or consider any discovery motion unless the parties have complied with the meet and confer requirement of Local Rule 37.2. Discovery motions must state with specificity when and how the parties complied with L.R. 37.2. Compliance with L.R. 37.2 requires the moving party to exercise good faith effort to resolve the discovery disputes in person or by phone.

Here, Merix did not include the required statement with its motion certifying that it engaged in good faith attempts to resolve any differences it had with EMS regarding this discovery matter prior to filing its motion. Although the court permitted EMS to file its motion to compel (R. 180) without this certification, the court also explained to the parties on August 24, 2010, that the parties are still required to meet and confer for future discovery motions.

Third, Merix's Requests for Production are overly broad and place an undue burden of production on EMS. Merix has exceeded the bounds of reasonably requesting documents pertaining to the instant lawsuit by repeatedly asking EMS to produce *all* documents pertaining to very broad categories of its business operations and to its financial condition. For example, in Requests for Production Numbers 73, 76, and 86, Merix asks EMS to produce:

Request for Production Number 73:

> All documents generated within the past two years that refer to, relate to, or concern any proposed actual, projected or forecasted financial performance, financial condition, revenues, income, profits, losses, sales, surplus, earnings per share, or charges against earnings related to EMS, including but not limited to EMS' financial statements or drafts thereof, budgets, forecasts, business plans, operating plans or statements, general ledger calculations, accounting work papers or other documents, whether by week, month, quarter or year, whether estimated or actual, and whether prepared by EMS or any other person or entity on EMS' behalf.

Request for Production Number 76:

> For the period June 1, 2001 through the present, monthly bank statements for any bank account for which EMS is or was an account holder or approved signatory.

Request for Production Number 86:

> From June 1, 2004 through the present, all telephone bills and records relating thereto for each telephone line and number that EMS has or had during the referenced period, including but not limited to land lines and any cell phones which EMS ever paid the bills for at any time during the referenced period, even if later reimbursed therefor by any other party; in particular, but not by way of limitation, the cell phone(s) should include any and all such cell phones which Stacie Kirsch ever used or had access to at any time during the referenced period.

Yet, similar to Merix's other requests, Merix failed to explain the basis for asking EMS to produce these documents and that these documents are reasonably calculated to lead to discovery of admissible evidence in this lawsuit. *See* Fed.R.Civ.P. 26(b)(1). Merely indicating that Merix is entitled to this vast amount of information because it alleged fraud (Fourth Amended Compl. ¶¶ 47-51) is inadequate. And as EMS persuasively points out,

Merix's requests for its financial records and original master record pertaining to the manufacturing of Releev would do little to shed any light on the relevant issues in this case.

The court has ruled that Merix should be entitled to conduct a preliminary investigation as to whether EMS deliberately sabotaged the clinical trial in question in order to curry favor with GlaxoSmithKline and granted Merix's motion compel to secure answers to certain interrogatories. However, the court must consider the burden placed on EMS when considering the requests in question and cannot permit Merix to seek everything and anything under the sun to see if its theory holds water. The court is mindful of the fact there does not seem to be a factual dispute that EMS clearly noted the ingredient the placebo contained prior to PRACS purportedly using it for the clinical trial.

**B.     Motion to Admit**

In this motion, Merix asks this court for an order deeming admitted each enumerated request contained in its Requests for Admission. (R. 189 at 1.) Here, Merix once again asserts that EMS's discovery responses were untimely because EMS served Merix with its responses to its Requests for Admission on August 31, 2010, which was one day after they were due. (Id.) Merix next claims that EMS's responses to its Requests for Admission were deficient because EMS failed to admit those matters that have been clearly established by deposition testimony and documentary evidence. (Id.) Thus, Merix contends that this court must deem Request for Admission Number 1 and Requests for Admission Numbers 4 through 10 as admitted as required by Rule 36(a)(6). (Id.)

8

EMS, however, defends that it timely served its responses to Merix's Requests for Admission on August 31, 2010, which was one day before the September 1, 2010 due date. (R. 191 at 3.) And EMS again asserts that Merix failed to confer in good faith discussions regarding this discovery dispute pursuant to LR 37.2 before filing this motion. (Id. at 2-3.) EMS next avers that its responses to Merix's Requests for Admission are sufficient because they constitute specific and complete answers as required by Rule 36(a)(4). (Id. at 4-6.) EMS points out that the veracity of its responses are not a consideration at the discovery stage of litigation. (Id.)

> The motion to have the requests deemed admitted is denied. Rule 36(a)(4) states that:
>
> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed.R.Civ.P. 36(a)(4). The purpose of Rule 36(a)(4) is "to define the matters in controversy and expedite the trial by narrowing the issues in dispute." *Starks-Harris v. Taylor*, No. 08-CV-176, 2009 WL 535778, at *2 (N.D. Ind. Mar. 3, 2009) (citation omitted). If the requesting party believes the responding party has provided insufficient answers, it may file a motion regarding the sufficiency of the opposing party's answers pursuant to Rule 36(a)(6), which provides in pertinent part:

9

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

Fed.R.Civ.P. 36(a)(6); *see also Patterson v. Burge*, No. 03 C 4433, 2008 WL 4875948, at *2 (N.D. Ill. July 29, 2008) (citation omitted).

The parties once again dispute the timeliness of EMS's responses. Under Rule 36(a)(3), a request to admit the truth of any matter pertaining to a pending action is deemed admitted, unless the party to whom the request is directed serves the requesting party with a written answer or objection within 30 days. Fed.R.Civ.P. 36(a)(3). It is undisputed that on July 30, 2010, Merix electronically served EMS's counsel with its Requests for Admission and EMS served Merix with its responses and objections on August 31, 2010. As discussed *supra*, because Merix electronically served EMS with its Requests for Admission, EMS had 33 days or until September 1, 2010, to respond to Merix. *Ford*, 2009 WL 297575, at *1; *see also* Rule 6(d). Accordingly, EMS's responses and objections were timely served on Merix. Also, EMS again correctly points out that Merix failed to engage in good faith discussions to resolve the disputed discovery issues delineated in Merix's motion to admit. Here, Merix did not provide the required statement attesting to its attempts to resolve any differences prior to filing this motion. *See* Rule 37(a)(1); LR 37.2.

Furthermore, having reviewed EMS's responses to Request for Admission Number 1, and Requests for Admission Numbers 4 through 10, the court finds that EMS provided

sufficient responses to each of these requests. EMS initially responded to each request for admission by either denying or partially denying the request. And after each denial or partial denial, EMS provided an appropriate detailed explanation for its denial. Accordingly, EMS's responses are sufficient under Rule 36(a)(4) because EMS answered each of the requests with the level of specificity and completeness required by the rule.

EMS correctly points out that Merix cannot base its sufficiency challenge on the veracity of EMS's responses. "[I]f a responding party files a response that contains the proper detail . . . the propounding party may not challenge the denial on the ground that it is unsupported by the evidence." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2263 (3d ed. 2010). Towards this end, "courts have concluded that the ability to move to determine the sufficiency of answers and objections does not entitle one to request that a court determine the accuracy of a denial." *United States v. Operation Rescue Nat'l*, 111 F.Supp.2d 948, 968 (S.D. Ohio 1999) (citations omitted).

In *Foretich v. Chung*, 151 F.R.D. 3, 4-5 (D.D.C. 1993), the court recognized that the "defendants [were] incorrect in their assumption that the right to challenge the 'sufficiency' of a response is the equivalent to the right to challenge the veracity of a denial." 151 F.R.D. at 5. The court explained that "there is simply no provision of the Federal Rules allowing a party to litigate a denied request for an admission" at the discovery stage of the proceedings. *Id.* Rather, the court reasoned that the defendants' motion contained arguments more appropriately reserved for a motion for summary judgment. *Id.* Similarly, Merix is

improperly challenging the veracity of EMS's responses even though such a challenge is not permissible during the discovery phase of the case. The court will not hold a mini-paper trial and render factual findings during discovery.

C.      **Motion for Sanctions**

Merix seeks an award of attorney's fees in the amount of $2,700 for the time its attorney spent traveling to downtown Chicago in order to present its motions to compel and to admit, and to prepare the motion for sanctions. In support, Merix accuses EMS of filing its opposition briefs at the last minute so as to intentionally cause a delay in the court's proceedings. EMS filed an opposition and raised issues and arguments not directed at the motion for sanctions or germane to the motion for sanctions.

The motion for sanctions is denied. Merix failed to allege any conduct on the part of EMS that would warrant this court's imposition of sanctions. The court *sua sponte* rescheduled the presentment date of Merix's motions once EMS filed its written opposition so that the court could properly consider the merits of the motions without unnecessarily wasting the parties' time and resources.

**Conclusion**

For the foregoing reasons, Merix's motion to compel the production of documents responsive to its Requests for Production, motion to deem as admitted its Requests for Admission and motion for sanctions are denied.

**ENTER:**

_____
**Young B. Kim**
**U.S. Magistrate Judge**