# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Young B. Kim |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5871 | **DATE** | September 30, 2010 |
| **CASE TITLE** | Merix Pharmaceutical Corp. vs. EMS Acquisition Corporation | | |

**DOCKET ENTRY TEXT**

Parties appeared for a motion and status hearing. Plaintiff's motion for partial reconsideration of ruling on motion to compel [211] is denied. As to the status of the case, parties report that they are continuing with their written discovery and that they may need to seek the court's intervention on a few matters if the parties are unable to resolve those matters on their own. While the parties continue to work through discovery they expressed an interest in meeting with the court for a settlement conference. An in-person settlement conference will be held in this case on October 15, 2010, at 9:00 a.m. in Courtroom 1944D. The parties are ordered to review and follow the court's standing order on "Settlement Conferences" on its webpage, except that they are excused from exchanging additional written settlement positions. Plaintiff is ordered to hand-deliver or fax to the court at (312) 554-8051 a copy of all the letters the parties exchanged for the last settlement conference held before Magistrate Judge Keys by October 12, 2010. If the parties choose to exchange supplemental or revised position letters, these must also be included in what is provided to the court on October 12, 2010. These settlement position letters are not to be filed with the Clerk's Office. Discovery will be stayed until the parties explore settlement possibilities on October 15, 2010.

■[ For further details see text below.]     Notices mailed by Judicial staff.

00:07

## STATEMENT

Plaintiff's Request for Partial Reconsideration of Ruling on Motion to Compel [211] is denied. A motion for reconsideration will be granted when: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). As such, motions for reconsideration are not to be used as vehicles to rehash previously rejected arguments or to argue matters that could have been heard during the pendency of the previous motion. *Id.* Plaintiff requests that this court reconsider part of its September 21, 2010 ruling on its motion to compel the production of documents responsive to its Third Set of Requests for Production. Plaintiff specifically asks that the court change its ruling as it pertains to Requests for Production Numbers 81, 84, and 87, and allow Plaintiff to serve these requests on Defendant. The tenor of Plaintiff's motion is that the court misunderstood what it wishes to accomplish with the documents its seeks in these requests. The court did not misapprehend Plaintiff's theory. Instead, the prior ruling was based on the broad scope of the requests and also based on the disconnect between the theories of liability and the documents sought. More importantly, Plaintiff does not present any new factual or legal basis to warrant reconsideration and does not

**STATEMENT**

address the Rule 37(a)(1) deficiency the court identified in its prior ruling.